IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LEON JACKSON, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:03-CV-0191 |
| § | |
| JO ANNE BARNHART, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**
**TO AFFIRM DECISION OF COMMISSIONER**

Plaintiff LEON JACKSON, JR. brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant JO ANNE BARNHART, Commissioner of Social Security (Commissioner), denying plaintiff's application for a term of disability and disability benefits. Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be AFFIRMED.

I.
THE RECORD

Plaintiff protectively filed an application for supplemental security income (SSI) under Title XVI of the Social Security Act on January 31, 2001. (Transcript [hereinafter Tr.] 74).[1] The

---

[1] In his opinion the ALJ has referred to the filing date as February 2, 2001 however, the application cited reflects the date to be January 31, 2001. Additionally, plaintiff previously filed for benefits and was denied by the Appeals Council on December 4, 1998. In his opinion, the ALJ stated there was no reason to reopen the prior application. (Tr. 15).

Social Security Administration denied benefits initially and upon reconsideration and plaintiff timely filed a Request for Hearing before an Administrative Law Judge ("ALJ"). An administrative hearing was held August 13, 2002 before ALJ John R. Morris. (Tr. 27-37). On January 10, 2003, the ALJ rendered an unfavorable decision, finding plaintiff not disabled and not entitled to benefits at any time relevant to the decision. (Tr. 15-21). The  The ALJ determined plaintiff could not return to his past relevant work (PRW), (Tr. 20, Finding #7), but further determined plaintiff retained the ability to perform light work. (Tr. 20, Finding #6). The ALJ determined plaintiff could perform a significant number of jobs and was not disabled pursuant to the medical-vocational guidelines. (Tr. 20, Finding #12).

Upon the Appeals Council's denial of plaintiff's request for review on May 2, 2003, ALJ Morris' determination became the final decision of the Commissioner. Plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g).

II.
ISSUES

As set forth by the plaintiff, the sole issue before the Court is:

Whether or not the decision of the Administrative Law Judge is supported by substantial evidence.

Plaintiff's Brief at 2. To this end, plaintiff specifically states:

1. Whether or not the evidence allowed upon is true in accordance to the record; and

2. Whether or not the evidence sighted (sic) by the ALJ supports his theory that the claimant retains the residual functional capacity for substantial gainful activity.

III.
STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94(5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ decision.

## IV.
## PLAINTIFF'S IMPAIRMENTS

Plaintiff Jackson was born November 1, 1948 and was 53 years of age at the time of his hearing. (Tr. 31, 74). Plaintiff has an eighth grade education. (Tr. 116). According to plaintiff, his impairments include hyperuricemia, degenerative joint disease, gastroenteritis, problems with attention and concentration, and limitations to his physical activity. (Plaintiff's Brief at 2).[2] The ALJ determined plaintiff has the medically determinable impairments of vision impairment, correctable with glasses, dysthmic disorder (depression) which does not require treatment or medication, and subjective complaints of stomach problems which have not been given a definitive diagnosis. (Tr. 16-17). The ALJ categorized these disorders as non-severe. (*Id.*). The ALJ determined plaintiff suffered from arthritic disorder, hypertension, and spinal disorder post-surgery including early degenerative disc disease, impairments that are "severe" within the meaning of the Social Security Regulations. (Tr. 17). The ALJ found plaintiff's severe impairments were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (*Id.*). The ALJ found plaintiff's allegation he suffered from pain all the time to be inconsistent with the objective medical records. (Tr. 18.) The ALJ noted that plaintiff's testimony as to the persistency of pain was inconsistent with his activities of daily living and ability to tend to his personal care needs. (*Id.*).

The ALJ took note of, but disagreed with a DDS residual functional capacity (RFC) assessment for medium work. (Tr. 18). The ALJ found plaintiff retained the RFC for a range of light work. (*Id.*). The ALJ then found plaintiff could not perform his "past relevant work"

---

[2] Plaintiff cited the first ailment as "hyperurosemia" and cites to Tr. 170. A review of that record shows the condition to be hyperuricemia, or high uric acid level. (Tr. 170).

which was classified at the medium exertional level.  (*Id*.)

The ALJ noted plaintiff was 54 years old which was considered an individual closely approaching advanced age under the regulations, he had a marginal education, and had no transferable skills.  (Tr. 19).  The ALJ cited the Medical-Vocational Guidelines of Appendix 2 of Subpart P of the Regulations to be used as a framework for his decision when a claimant could not perform all of the exertional demands of work at a given level of exertion and/or had any nonexertional limitations.  He further noted the Guidelines could only be used to direct an unfavorable decision if a claimant had the exertional RFC to perform "substantially all" of the seven primary strength demands required by work at a given level of exertion and there were no nonexertional limitations.  The ALJ noted that "[w]hen all of the criteria of a Medical-Vocational Rule are met, the existence of occupations in the national economy is met by administrative notice."  (Tr. 19).

After setting forth the limits of light work, the ALJ found plaintiff had the exertional capacity to perform substantially all of the requirements of light work.  Considering plaintiff's age, education, and work experience, the ALJ applied the Guidelines to find plaintiff was not disabled.  (Tr. *Id*.).  Accordingly, the ALJ concluded there were jobs, existing in significant numbers in the national economy, which plaintiff was able to perform, and that plaintiff retained the capacity to adjust to work that existed in significant numbers in the national economy.  The ALJ thus concluded plaintiff was not under a disability at any time through the date of his decision.

Plaintiff argues the ALJ's decision was not supported by substantial evidence. Plaintiff has requested the decision be reversed and the payment of benefits ordered.

V.
MERITS

The ALJ made the determination that plaintiff is not disabled at Step Five of the five-step sequential analysis. Therefore, this Court is limited to reviewing whether there was substantial evidence in the record as a whole supporting the Step 5 finding, and whether the proper legal standards were applied in reaching that decision.

In his first point of error, plaintiff appears to allege the ALJ discounted plaintiff's complaints of pain based upon the supposed weaknesses in plaintiff's evidence rather than upon contrary evidence. (Plaintiff's Brief at 3). Specifically, plaintiff complains the ALJ's finding that plaintiff was not referred to pain management or other alternative treatments for pain relief is false and unsupported by the record. (*Id.*). A review of the medical records does show plaintiff was instructed to perform exercises at home in September of 1993 (Tr. 334) and was sent to aquatic therapy between September and October of 1995 prior to the period under consideration. (Tr. 344). There are no therapy records or pain management treatments contained in the record for the period at issue, which is from February 2001 until January 10, 2003, the date of the ALJ decision. In reaching his decision, the ALJ stated, "Although there is evidence that medication is taken for pain, the record is devoid of medical referrals for pain management or other alternative treatment for pain relief. The lack of such referrals or actual treatment, in my opinion diminishes the claimant's credibility regarding his subjective complaints of pain." (Tr. 18). It is this statement with which plaintiff appears to take issue. The ALJ's finding, however, is an accurate reflection of the medical record for the period at issue. While it is true that plaintiff had been referred to physical therapy some five (5) years prior to the

period under consideration, the record does not support a finding plaintiff was referred to therapy, or engaged in any other pain management treatment during the period in question.[3]  It is well settled that the determination whether pain is disabling falls, in the first instance, within the discretion of the ALJ whose decision is entitled to considerable deference.  *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988).  In this case, the ALJ determined plaintiff's subjective complaints of disabling pain were not entirely credible.  In reaching his decision, the ALJ stated he considered, "the claimant's activities of daily living are not significantly affected as he is capable of personal care needs, continues to drive an automobile, and to engage in some household activities and church attendance."  (Tr. 18).  In this case the ALJ was within his statutory authority to make a determination of plaintiff's credibility and to determine if his complaints of pain were supported by the record.  The ALJ determined plaintiff was not entirely credible and cited the reasons for such determination as discussed *supra*.  The ALJ further supported his final opinion with specific references to the medical records finding a lack of evidence to support plaintiff's complaints of pain.  The ALJ did what he was statutorily entitled to do, and plaintiff has not demonstrated the ALJ acted outside his authority.

Plaintiff also challenges whether the evidence cited by the ALJ supports his theory that the claimant retains the residual functional capacity for substantial gainful activity.  As discussed by defendant, there was little current medical evidence in the record and plaintiff was sent to Dr. Dennis Plummer for a consultive medical exam in May of 2001.  (Tr. 188-191).  Dr. Plummer found,

---

[3] The Court notes the transcript contains the medical records of a Walter Jackson at Tr. 174 to Tr. 183. The inclusion of these documents appears to be a mistake and to the extent such records have been cited by defendant, such has been disregarded by the undersigned.

> Arthritis in the knees, elbows and hands: He does have crepitation in the knees, but with good range of motion. He has a history of gout with apparently a gouty effusion in the past, but no problem now. Elbows have a lack of full range of motion where he cannot fully extend his elbows and falls about 10 degrees shy of full extension. There has been no history of trauma or other problems in the elbows. Hands hurt at times, but have normal function. He has prior history of low back surgeries, but was able to touch his toes well and had good flexibility. Straight leg raising was mainly limited by hamstring stiffness rather than anything else.

(Tr. 190). Prior to seeing Dr. Plummer, plaintiff had been seen by Dr. Rajya Malay in March of 2001. (Tr. 233). Plaintiff complained of pain and knee swelling and it appears the doctor ran lab tests and prescribed medications. (Tr. 235). Nothing in Dr. Malay's notes appears to contradict the assessment of Dr. Plummer. The ALJ was entitled to rely on the examination and report by Dr. Plummer which provides substantial evidence to support defendant's determination that plaintiff retained the residual function capacity to perform substantially all of the requirements of light work. Further, plaintiff did not raise any issue or point of error regarding Dr. Plummer's report in his initial brief. Plaintiff did comment on Dr. Plummer's report in his reply brief, but points raised for the first time in a reply brief are ordinarily not properly before the Court. That fact notwithstanding, this Court has considered plaintiff's reply brief comments as to Dr. Plummer's findings. In reviewing the administrative record, the Court notes that plaintiff, by submission of an affidavit, directly challenged Dr. Plummer's examination and his report. (Tr. 67-69). Consequently, both Dr. Plummer's report and plaintiff's objections to the report, were before the ALJ when the ALJ rendered his administrative decision. The ALJ has the responsibility to consider the evidence and to resolve conflicts in the evidence. By accepting Dr. Plummer's report over plaintiff's affidavit, the ALJ resolved any conflict in favor of Dr.

Plummer's report and adversely to plaintiff. No basis to overturn the decision of the ALJ in that regard has been presented in this appeal.[4]

To the extent plaintiff presents an issue of burden shifting at Step 5, it is without merit. The RFC determination is made at Step 4. If the plaintiff is unable to do his past relevant work, then Step 5 is reached, and the Commissioner has the burden to set forth alternate work in the economy a plaintiff can perform, but the Commissioner utilizes the RFC previously determined at Step 4. The defendant does not have any burden to make a second RFC determination at Step 5. Here the defendant Commissioner used the medical-vocational grids to establish non-disability, and to establish other work plaintiff can perform. The burden then shifted to plaintiff to demonstrate the grids are inapplicable. Plaintiff has failed to meet his burden in this regard.

## VI.
## RECOMMENDATION

THEREFORE, for all of the reasons set forth above, it is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the defendant Commissioner be AFFIRMED.

## VII.
## INSTRUCTIONS FOR SERVICE

The District Clerk is directed to send a copy of this Report and Recommendation to plaintiff's attorney of record by certified mail, return receipt requested, and to the Assistant

---

[4] It is noted plaintiff, in his reply brief, made passing reference to a denial of cross-examination of Dr. Plummer, *citing Lidy v. Sullivan*, 911F.2d 1075 (5th Cir. 1990). Any point of error based upon a denial of right of cross-examination was not presented in plaintiff's initial brief and has not been adequately developed by plaintiff in this appeal. Consequently, any error based upon a denial of cross-examination, if, in fact, plaintiff is attempting to raise such a ground, will not be considered.

United States Attorney by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this <u>1st</u> day of June 2006.

                                                   CLINTON E. AVERITTE
                                                 UNITED STATES MAGISTRATE JUDGE

### \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

    Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).